UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ANTONIO RIVAS, | : | CIVIL ACTION NO. **1:12-CV-1689** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| PA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On August 24, 2012, Plaintiff Luis Antonia Rivas, formerly an inmate at SCI-Pittsburgh and currently an inmate at SCI-Fayette, filed, *pro se*, a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed an application for leave to proceed *in forma pauperis*. (Doc. 5).

In his brief Complaint, Plaintiff alleges that while confined at SCI-Pittsburgh in the Restricted Housing Unit, he was attacked by an inmate with a large rock while Plaintiff was handcuffed, and as a result, sustained on-going injuries. (Doc. 1, p. 2). He alleges that he filed a grievance at both SCI-Pittsburgh and SCI-Fayette, but has not received a response to his grievance. (*Id.*).

To date, Plaintiff's application to proceed *in forma pauperis* has not been ruled on, and his 42 U.S.C. § 1983 Complaint has not been served on Defendants. As discussed at length in the discussion below, we will respectfully recommend that the instant 42 U.S.C.

§ 1983 Complaint be transferred to the United States District Court for the Western District of Pennsylvania.

**II. Discussion.**

Plaintiff avers that in September of 2011, he was placed in the Restricted Housing Unit of SCI-Pittsburgh, where a fellow inmate is alleged to have beaten him with a rock while Plaintiff was handcuffed, causing Plaintiff to suffer on-going injuries. (Doc. 1, p. 2). Plaintiff's allegations, therefore, arose during his confinement at SCI-Pittsburgh. Plaintiff filed a grievance related to the incident at both SCI-Pittsburgh and SCI-Fayette, both of which are located in the Western District of Pennsylvania. (*Id.*).

We will respectfully recommend that this case be transferred to the Western District of Pennsylvania, as that is the District where Plaintiff's claims arose, where both SCI-Pittsburgh and SCI-Fayette are located, where the Defendants are located, and where the grievances were filed, therefore making the Western District of Pennsylvania a more convenient forum pursuant to 28 U.S.C. §1404(a). *See* 2010 WL 5300885 (M.D. Pa. 11-29-10).

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

> substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the
> action is situated, or (3) a judicial district in which any defendant
> may be found, if there is no district in which the action may
> otherwise be brought.

*See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3;

*Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10

Memorandum.

> In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:
>
> It is well settled that a court may transfer any civil action for the
> convenience of the parties or witnesses, or in the interest of justice,
> to any district where the action might have been brought. 28 U.S.C.
> § 1404(a). The United States Supreme Court in *Hoffman v. Blaski,*
> 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized
> that under § 1404(a), a civil action may be transferred by a district
> court to another district court where that action may have been brought
> by the plaintiff.
>
> In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:
>
> "the purpose of [§1404(a) ] is to prevent the waste of time, energy, and money
> and to protect litigants, witnesses and the public against unnecessary
> inconvenience and expense." *Id.* (internal quotations omitted). Although the court
> has discretion to transfer venue, "a motion to transfer is not to be liberally
> granted." *Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638,
> 640 (E.D. Pa. 2003)."

The *Brown* Court considered all of the relevant factors and found that because the

alleged actions by Plaintiff Brown occurred while he was an inmate at SCI-Pittsburgh and SCI-

Fayette, both located in the Western District of Pennsylvania, the relevant Defendants were

located in the Western District of Pennsylvania, and "practical considerations dictate[d] that the

3

action should be transferred to the Western District," the Court transferred Plaintiff Brown's Amended Complaint to the Western District of Pennsylvania. *Id.*, *2-*3.

The *Brown* Court stated that courts generally consider the following factors in deciding whether to transfer a case to another district:

> (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (4) (sic) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum; (6) the enforceability of the judgment; (7) practical considerations that could make the trial easy, expeditious, or inexpensive; (8) the relative court congestion in the competing courts; (9) the local interest in deciding local controversies at home; (10) the public policies of the fora; (11) and the familiarity of the trial judge with the applicable state law.

*Id*. at *2 (citation omitted); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995).[1]

We find that, based on the above analysis of the relevant factors as they pertain to the instant case, they all weigh in favor of transferring Plaintiff's claims arising during his confinement at SCI-Pittsburgh to the Western District of Pennsylvania.

At all relevant times regarding the claims that arose at SCI-Pittsburgh, Plaintiff was confined at SCI-Pittsburgh within the jurisdiction of the Western District of Pennsylvania. Furthermore, none of the named Defendants are located in the Middle District of Pennsylvania,

---

[1]The quote from *Brown* contained two factors number (4).

and these Defendants were working for the DOC in the Western District of Pennsylvania. None of these Defendants are alleged to have any contacts with the Middle District of Pennsylvania. Further, all of the records concerning Plaintiff's claims that arose at SCI-Pittsburgh would seemingly be located in the Western District of Pennsylvania along with any potential witnesses. Thus, none of the Defendants, none of the witnesses and none of the records regarding Plaintiff's claims arising during his confinement at SCI-Pittsburgh are located in the Middle District of Pennsylvania. Therefore, we will respectfully recommend, that for the convenience of the parties, this case be transferred to the Western District of Pennsylvania, the proper forum. *See Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3, *citing Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007).

**III. Recommendation.**

Based on the above discussion, it is respectfully recommended that this case be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1404(a).  *See Reinhold v. Rozum*, 2007 WL 4248273 (M.D. Pa.); *Wright v. Tennis*, 2007 WL121855 (M.D. Pa.); *Wright v. Diguglielmo*, 2007 WL 1437491 (E.D. Pa.).  It is also recommended that the Petitioner's *in forma pauperis* application (Doc. 5) be left to the transferee court to decide.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: September 4, 2012**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ANTONIO RIVAS, | : | CIVIL ACTION NO. **1:12-CV-1689** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| PA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 4, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to timely file objections to the foregoing Report and Recommendation may constitute a waiver of appellate rights.


                                                   **s/ Thomas M. Blewitt**
                                                   **THOMAS M. BLEWITT**
                                                   **United States Magistrate Judge**


**Dated: September 4, 2012**